# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| HAO LIU | § |
| | § Civil Action No. 4:19-CV-849 |
| v. | § (Judge Mazzant/Judge Nowak) |
| | § |
| WELLS FARGO BANK, ET AL. | § |
| | § |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On December 12, 2019, the report of the Magistrate Judge (Dkt. #13) was entered containing proposed findings of fact and recommendations that Plaintiff Hao Liu's Motion for Leave to File (Dkt. #1) and Amended Motion for Leave to File (Dkt. #4) be denied. Having received the report of the United States Magistrate Judge, having considered Plaintiff's (construed) Objection (Dkt. #14), and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report.

## RELEVANT BACKGROUND

Plaintiff has filed numerous cases in the Eastern District of Texas purporting, in each, to bring claims on behalf of the United States.[1] In Plaintiff's prior cases, he has been admonished that as a *pro se* litigant, he is unable to legally act as counsel and/or represent the interests of the United States. In addition, the Eastern District of Texas has prohibited Plaintiff "from filing any

---

[1] *See, e.g. Liu v. Medical Center of Plano et al.*, 4:09-CV-625 (E.D. Tex. Oct. 26, 2010) ("Plaintiff's 2010 Suit"); *Liu v. Hopkins County et al.*, 4:16-CV-694 (E.D. Tex. Jan. 27, 2017) ("Plaintiff's 2016 Suit"); *Liu v. Flowers Davis, PLLC et al.*, 4:17-CV-263 (E.D. Tex. July 11, 2017); *Liu v. City of Allen et al.,* 4:17-CV-874 (E.D. Tex. May 9, 2018). Plaintiff's abusive litigation practices have led this District, the Northern District of Texas, and the Fifth Circuit Court of Appeals to levy sanctions and/or impose pre-filing injunctions against Plaintiff. *See Liu v. Hopkins County et al.*, 4:16-CV-694, Dkt. 17 (citing *Liu v. Plano Medical Center*, 3:08-CV-172-N (N.D. Tex. Apr. 21, 2008); *Hao Liu v. Plano Medical Center*, 3:08-CV-172-N (5th Cir. 2009)).

civil action in this district without prior permission of the Court." *Plaintiff's 2010 Suit*, Dkt. 78; *Plaintiff's 2016 Suit*, Dkts. 17, 23 (the "EDTX Pre-Filing Injunction").

Plaintiff initiated the instant suit on November 18, 2019 (Dkt. #1) without fully complying with the requirements of the EDTX Pre-Filing Injunction. Plaintiff again seeks to assert claims on behalf of the United States, despite not having a license to practice law and being aware of the illegality of such practices. On December 12, 2019, the Magistrate Judge entered a report recommending Plaintiff's Motions for Leave to File (Dkts. #1; #4) be denied for failure to comply with the EDTX Pre-Filing Injunction and for Plaintiff's continual attempts to engage in the unauthorized practice of law (Dkt. #13). On December 20, 2019, Plaintiff filed his "United States Application [to] Cure Defects to Support Partial Transfer," which the Court construes as an Objection to the report (Dkt. #14). Therein, Plaintiff alleges the EDTX Pre-Filing Injunction does not apply to this case because Plaintiff is proceeding "*in rem*" and/or requests a partial transfer of his case, "to the district or division in which it could have been brought" (Dkt. #14).

## OBJECTION TO REPORT AND RECOMMENDATION

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo review of those findings or recommendations to which the party specifically objects 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)-(3).

Plaintiff asserts the EDTX Pre-Filing Injunction is "inapplicable to the present pending United States claim '*In Rem*'" because "[t]he word '*civil*' action can not [sic] be contemplate nothing the same United States 'criminal' action '*In Rem*,' this is particular one word all world difference proceeding" (Dkt. #14 at pp. 5–6). Additionally, Plaintiff insists the Magistrate Judge misquoted the EDTX Pre-Filing Injunction (Dkt. #14 at p. 6).

2

The EDTX Pre-Filing Injunction makes clear "Plaintiff shall be enjoined from future filings in this District as follows: Plaintiff is prohibited from filing in, or removing to, the Eastern District of Texas *any civil action* without leave of court" (Dkt. #13) (quoting *Plaintiff's 2016 Suit*, Dkt. 17 at 6 (E.D. Tex. Dec. 20, 2016)) (emphasis added). The alleged *in rem* nature of Plaintiff's suit does not preclude the applicability of the EDTX Pre-Filing Injunction. Plaintiff's present action is a civil matter. Nor, can Plaintiff seek to avert the EDTX Pre-Filing Injunction by now labeling the suit as a "criminal" action (Dkt. #14 at p. 6). A private citizen like Plaintiff cannot initiate a federal criminal prosecution because that power is vested exclusively in the executive branch. *See United States v. Nixon*, 418 U.S. 683, 693 (1974); *McCormick v. City of Dallas Police Dep't*, No. 3:18-CV-689-B-BH, 2018 WL 2244700, at *2 (N.D. Tex. Apr. 30, 2018), *report and recommendation adopted*, No. 3:18-CV-689-B-BH, 2018 WL 2230645 (N.D. Tex. May 16, 2018). Plaintiff has failed to strictly comply with the EDTX Pre-Filing Injunction and Plaintiff's Objection does not cure such deficiency. Plaintiff also continues to attempt to assert claims on behalf of individuals and entities other than himself—namely the United States—without a license to practice law. Denial of leave is appropriate.

## CONCLUSION

Having considered Plaintiff's Objection (Dkt. #14), the Court adopts the Magistrate Judge's Report and Recommendation (Dkt. #13) as the findings and conclusions of the Court.

It is, therefore, **ORDERED** that Plaintiff's Motion for Leave to File and Amended Motion for Leave to File (Dkts. #1; #4) are **DENIED**.

All relief not previously granted is hereby **DENIED**.

The Clerk is directed to **CLOSE** this civil action.

**IT IS SO ORDERED**.

**SIGNED this 29th day of January, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE